UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL SECURITIES CORPORATION,<br><br>Petitioners,<br>v.<br><br>GLENN GARDNER, RICHARD FITZGERALD, AND JUDY FITZGERALD,<br><br>Respondents. | CASE NO. 2:26-cv-00191-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. Because Petitioners have made no effort to establish subject-matter jurisdiction, they are ordered to show cause why this case should not be dismissed.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas*

*AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). And because "[f]ederal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), they are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Coleville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party asserting jurisdiction has the burden of establishing it. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

"'[T]he provisions of 9 U.S.C. § 9,' which govern motions to confirm an arbitral award, 'do not in themselves confer subject matter jurisdiction on a federal district court.'" *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (quoting *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981)). This rule applies with equal force in actions seeking confirmation of an award issued by a Financial Industry Regulatory Authority arbitration panel. *See, e.g.*, *Magruder v. Fid. Brokerage Servs. LLC*, 818 F.3d 285, 286–87 (7th Cir. 2016).

Although Petitioners marked in their civil cover sheet that the basis of the Court's jurisdiction was diversity jurisdiction under 28 U.S.C. § 1332, Dkt. No. 11 at 1, neither their petition nor their motion establishes diversity among the parties, *see generally* Dkt. Nos. 1, 7. Nor do they make any attempt to explain how the amount in controversy requirement is satisfied. *Id*. Because the Supreme Court prohibited a "look through" approach to determining jurisdiction in *Badgerow v. Walters*, 596 U.S. 1, 15–17 (2022), "the facts establishing a jurisdictional basis must be present on the face of the application or petition to confirm an arbitration award." *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 561 (9th Cir. 2025) ("Put differently, facts establishing that the amount in controversy exceeds $75,000 must be present on the face of a Section 9 petition to confirm an arbitration award before a district court can assert diversity jurisdiction over the action."). Here, Petitioners' petition seeks only $50,801. Dkt. No. 1 at 4, 6; *see also* Dkt. No. 18

at 1; *Magruder*, 818 F.3d at 287 (even ignoring citizenship, prevailing party in a FINRA arbitration could not establish subject-matter jurisdiction over a petition to confirm the award where the amount in controversy was $50,000).

Accordingly, within 14 days of the date of this Order, Petitioners are ORDERED to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in dismissal without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

Dated this 13th day of October, 2026.

Lauren King
United States District Judge